**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL FILE NO. 1:16-cv-00174-MR
CRIMINAL FILE NO. 1:06-cr-00252-MR-1**

| | |
|---|---|
| **CHRISTOPHER JONELL TYLER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | <u>**O R D E R**</u> |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 3].[1] According to the government's motion, defense counsel has consented to its request. [Id.].

Petitioner was convicted by plea of Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2, possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-174-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:06-cr-252-MR-1.

§ 924(c), and possession of a firearm of a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 43]. The Court sentenced Petitioner to a total of 255 months' imprisonment. [Id.].

On June 17, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In the motion to vacate, Petitioner contends that his Hobbs Act robbery offense no longer qualifies as a "crime of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Consequently, Petitioner asserts that his Hobbs Act offense likewise cannot support his § 924(c) conviction and such conviction must be vacated. [Id.].

In response to Petitioner's motion, the government has filed a motion to hold this proceeding in abeyance. The government notes that pending in the Fourth Circuit is the case of United States v. Ali, No. 15-4433 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The Court notes that also pending in the Fourth Circuit is the case of United States v. Simms, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). In Ali and Simms, the Fourth Circuit is considering whether Johnson renders the residual clause of § 924(c)(3)(B) unconstitutionally vague.

Based upon the foregoing reasons, and with Petitioner's consent, the Court concludes that the government's motion should be granted.

### ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 3], is hereby **GRANTED**, and this matter is hereby held in abeyance pending further orders of this Court. The parties shall notify the Court of the opinions rendered by the Fourth Circuit in the Ali and Simms cases within seven days after each such matter is decided.

**IT IS SO ORDERED.**

Signed: September 2, 2016

Martin Reidinger
United States District Judge