# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00174-MR
# (CRIMINAL CASE NO. 1:06-cr-00252-MR-1)

| | |
|---|---|
| CHRISTOPHER JONELL TYLER,  )  )  Petitioner,  )  )  vs.  )  )  UNITED STATES OF AMERICA,  )  )  Respondent.  )  _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Response to Petitioner's Motion to Vacate [CV Doc. 10]. The Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

On October 3, 2006, Petitioner Christopher Jonnell Tyler ("Petitioner") was charged, along with his co-defendant Jacques Robert Jackson, in a Bill

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:16-cv-00174-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:06-cr-00252-MR-1.

of Indictment with one count of Hobbs Act robbery and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 and 2 (Count One); one count of possessing and brandishing a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c) (Count Two); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Four). [CR Doc. 1: Indictment]. On December 20, 2016, Petitioner was charged in a Superseding Indictment with the same charges as in the original Indictment. [CR Doc. 22: Superseding Indictment]. The Petitioner faced a maximum term of twenty 20 years' imprisonment for Count One, <u>see</u> 18 U.S.C. §§ 1951 & 2; a maximum term of 10 years' imprisonment for Count Four, 18 U.S.C. § 922(g); and a mandatory consecutive sentence of not less than 10 years to life for Count Two, <u>see</u> 18 U.S.C. § 924(c)(1)(A)(iii).

On January 3, 2007, Petitioner and the Government entered into an Amended Plea Agreement, pursuant to which Petitioner agreed to plead guilty to all three charges against him. [CR Doc. 25: Amended Plea Agreement at 1]. On the same day, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 26: Acceptance and Entry of Guilty Plea]. In preparation for sentencing, a probation officer prepared a Presentence Report (PSR). In the PSR, the probation officer noted the mandatory 10 years to life consecutive sentence for Petitioner's § 924(c) conviction. [CR

Doc. 66 at ¶ 62]. The probation officer found the Total Offense Level to be 30 and the Criminal History Category to be IV, yielding a Guidelines Range calling for a term of imprisonment between 135 and 168 months, consecutive to the sentence on Count Two. [CR Doc. 66 at 7, 9, 13].

The Petitioner's sentencing hearing was held on June 18, 2007, before the Honorable Lacy H. Thornburg, United States District Judge.[2] At the hearing, the Court adopted the probation officer's findings, without objection, and sentenced Petitioner to a term of imprisonment of 135 months on Count One, a term of 120 months on Count 4 to be served concurrently with Count One, and a consecutive term of 120 months on Count Two, for a total term of 255 months' imprisonment. [CR Doc. 43: Judgment]. Petitioner did not file a direct appeal from this Judgment.

On June 17, 2016, the Petitioner filed the present motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015) [CV Doc. 1]. Upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, or United States v. Simms, No. 15-4640. [CV Doc. 4]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme

---

[2] Following Judge Thornburg's retirement, this matter was reassigned to the undersigned.

Court's decision in United States v. Davis, No. 18-431. On the Government's request, this matter was in turn stayed pending Davis. [CV Doc. 7]. The Supreme Court decided Davis on June 24, 2019. The next day this Court lifted the stay and ordered the Government to respond to the Petitioner's motion by August 23, 2019. Petitioner subsequently filed a supplemental memorandum in support of his Section 2255 motion. [CV Doc. 9]. The Government timely filed its response, agreeing that this Court should grant Petitioner's Section 2255 motion, vacate his conviction under 18 U.S.C. § 924(c), and resentence him on the remaining counts. [CV Doc. 10]. The Government also argues that it should be relieved of its obligations under the plea agreement should the Court grant Petitioner's motion to vacate. [Id.].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record

and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, in his Section 2255 Motion to Vacate, the Petitioner argues his § 924(c) conviction is invalid under Johnson. [Doc. 1 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence."

Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, the predicate conviction in Petitioner's criminal proceedings, Hobbs Act conspiracy,[3] can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 1 at 3-4]. Three years after the Petitioner filed his original Section 2255 motion, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, the Court need not extrapolate from Johnson in order to hold that Petitioner's conviction on Count Two is valid only if Hobbs Act conspiracy

---

[3] Although the instant motion to vacate is based on Hobbs Act robbery as the predicate for Petitioner's § 924(c) conviction, the Petitioner's plea colloquy reflects that he understood at the time of his plea that Hobbs Act conspiracy was the predicate "crime of violence" under § 924(c). [CR Doc. 26 at 3-4].

6

qualifies as a "crime of violence" under § 924(c)'s force clause. The Supreme Court's decision in Davis directly yields this result. The instant case, therefore, turns on whether Hobbs Act conspiracy qualifies as a crime of violence under § 924(c)'s force clause. The Fourth Circuit squarely addressed this issue in United States v. Simms, 914 F.3d 229 (4th Cir. 2019), concluding that Hobbs Act conspiracy does not categorically qualify as a crime of violence under the force clause. 914 F.3d at 233-34.

As such, Petitioner's conviction under 18 U.S.C. § 924(c) is no longer valid and the Court must vacate it under Section 2255. The Court, therefore, will order that Petitioner be resentenced on the remaining counts of his conviction. United States v. Smith, 115 F.3d 241, 248 (4th Cir. 1997). The Court also notes that this Order necessarily frustrates the purpose of the parties' plea agreement, to which the Government agreed in exchange for Petitioner's guilty plea on the § 924(c) charge. United States v. Green, 139 F.3d 1002, 1005 (4th Cir. 1998). As such, the Government is relieved of its obligations thereunder, including those regarding sentencing.

**IV.   CONCLUSION**

Having concluded that Petitioner's conviction under § 924(c) for the use of a firearm in furtherance of a crime of violence is unconstitutional, the Court will grant Petitioner's Section 2255 Motion to Vacate, Set Aside, or

Correct Sentence [Doc. 1]. The Court will further order that Petitioner's conviction under § 924(c) be vacated and that Petitioner be resentenced in accordance with this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **GRANTED** and Petitioner's conviction under § 924(c) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Petitioner shall be resentenced on the remaining counts on which he was convicted and the Government is relieved of its obligations under the plea agreement in this case. The Clerk of Court is respectfully instructed to schedule a hearing for Petitioner's resentencing.

**IT IS FURTHER ORDERED** that the Clerk of Court provide copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: September 10, 2019

Martin Reidinger
United States District Judge